UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-18(PAM/JGL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. FAYSAL TADESSE NIGATU, Defendant. | ) ) ) ) ) ) ) ) ) | GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C. § 3582(c)(2) |

The United States of America, by and through its attorneys, Francis J. Magill, Jr., Acting United States Attorney for the District of Minnesota, and Nathan P. Petterson, Assistant United States Attorney, hereby submits this memorandum in opposition to defendant's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). Defendant is currently scheduled for release on July 5, 2008. He is seeking a sentencing reduction to time served, and release within ten days of this Court's order. Defendant's motion is based upon a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. This amendment, however, is inapplicable to the defendant, who qualified as a career offender, since it does not reduce the defendant's sentencing guideline range. Therefore, defendant's motion should be denied.

## BACKGROUND

Defendant pled guilty on March 28, 2000, to Count 2 of an Indictment, which charged distribution of approximately 40.8 grams

of cocaine base ("crack"). Presentence Report (PSR), ¶¶ 1, 2. He was accountable for relevant conduct of 108.2 grams of crack. PSR, ¶ 10. Based on prior convictions for assault, third degree, and terroristic threats, he qualified as a career offender, pursuant to U.S.S.G. § 4B1.1. PSR, ¶¶ 29, 30, 35.

The offense level for a career offender is based on the offense statutory maximum, which in defendant's case was 40 years, resulting in a base offense level of 34. U.S.S.G. § 4B1.1(b). Defendant received a three-level reduction for acceptance of responsibility, resulting in a total offense level 31. PSR, ¶24. As a career offender, his criminal history category was VI. PSR, ¶ 35. The resulting guideline range was 188 to 235 months. PSR, ¶ 63; Judgment, at 5.

Defendant was sentenced on August 11, 2000. The Court determined the guideline range to be 188 to 235 months. Judgment, at 5; Statement of Reasons, at 2. However, the Court departed downward to a sentence of 108 months. The Court found that the career offender guideline overstated defendant's criminal history, and departed downward under U.S.S.G. § 4A1.3. Therefore, the Court decreased his offense level to 29, and decreased his criminal history category to III, resulting in an adjusted guideline range of 108 to 135 months. Statement of Reasons, at 2-3. The Court found that a sentence of 108 months imprisonment was adequate punishment under the circumstances of the offense. Id. at 3.

THE AMENDMENT

Defendant has filed a motion for resentencing under 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the

defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (c) is applicable to the defendant; or

(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less

than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

## DISCUSSION

### I. Defendant’s Motion Should Be Denied Because the Amendment Did Not Lower Defendant’s Guideline Range.

The defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering the defendant's guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §

3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the

district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In this case, the defendant's guideline range was not based on the provision regarding crack cocaine in Section 2D1.1, which has been amended. Under the version of Section 2D1.1 in effect at the time of sentencing, the defendant's base offense level for the crack offense was 32; that would be reduced to 30 pursuant to Amendment 706. However, the defendant was a career offender, based on his two prior convictions for crimes of violence, and accordingly his base offense level was increased to 34 pursuant to Section 4B1.1. PSR, ¶ 24.[1] That enhancement is unaffected by Amendment 706, and the defendant's offense level remains exactly what it was at the time of sentencing. Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10

[1] Defendant was sentenced using a base offense level of 32 and a total offense level of 29. However, that constituted a downward departure. The applicable guideline range, before the downward departure, was determined based on the career offender guidelines. Judgment, at 5; Statement of Reasons, at 2-3.

(b)(1). Accordingly, the defendant should not receive any relief under Section 1B1.10. Courts which have addressed the career offender scenario have consistently so held. See, e.g., United States v. LaFrance, 2008 WL 447548 (D. Me. Feb. 19, 2008); United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Turner, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008).

CONCLUSION

For all of the foregoing reasons, defendant's motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) should be denied. Defendant's projected release date, which is July 5, 2008, should not be changed.

Dated: March 12, 2008

Respectfully submitted,

FRANCIS J. MAGILL, JR.
Acting United States Attorney

*s/ Nathan Petterson*

BY: NATHAN P. PETTERSON
Assistant U.S. Attorney
Attorney ID Number 151506