UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-18 (PAM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FAYSAL TADESSE NIGATU,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | RESPONSE TO GOVERNMENT'S OPPOSITION TO MOTION FOR RESENTENCING PURSUANT TO 18 U.S.C.§ 3582(c)(2) |

In a negotiated plea agreement, defendant Faysal Nigatu, pled guilty to crack cocaine possession, specifically preserving a challenge to a potential designation and sentencing as a career offender. At sentencing, the court agreed that a career offender designation was inappropriate, and it appears that the court sentenced him based on a criminal history score (III) and the offense level for the amount of crack he was deemed responsible for (108 grams), resulting in a level 32, minus three levels for acceptance of responsibility. A criminal history III and a guideline range of 29 resulted in a guideline range of 108-135 months, and the court sentenced him to 108 months.[1]

The government now argues that he does not qualify for relief under the new crack cocaine guidelines because once a career offender, always a career offender, and there shall be no relief for him from an otherwise racially discriminatory and unjust sentence

[1] The court does not seem to have written a memorandum outlining its analysis but this seems to have been its approach.

resulting from the 100:1 crack to powder cocaine equivalence ratio which the retroactive application of the decreased sentencing guidelines was designed to partially ameliorate. This argument should be rejected.

The guidelines which controlled Mr. Nigatu's senctencing **have changed**. The court determined that career offender status should not apply, and then sentenced him **based on** the guidelines which were then in effect. This Court's authority to reduce a previously imposed sentence in response to the retroactive amendment of a sentencing guideline comes from 18 U.S.C. § 3582(c)(2), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment **based on a sentencing range that has subsequently been lowered** by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant, the director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2)(emphasis added). Simply stated, the Court sentenced Mr. Nigatu based on a sentencing range that has been subsequently lowered, and he is entitled to relief, just like other defendants who were sentenced pursuant to the rather harsh crack cocaine guidelines.

Mr. Nigatu is currently in the halfway house and is doing everything that could be asked of an offender that was sentenced to prison for over 100 months. He completed his GED and obtained 35 college course credits while in prison. He is eligible for immediate

release from BOP custody upon resentencing (his release date is July 5, 2008) and the defendant respectfully requests that the Court resentence him to time served.

Dated: March 27, 2008

Respectfully submitted,

***s/Douglas Olson***
DOUGLAS OLSON
Attorney ID No. 169067
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415