UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

Plaintiff,

v.

Faysal Tadesse Nigatu,

Defendant.

Crim. No. 00-18 (PAM)

**ORDER**

---

This matter is before the Court on Defendant Faysal Tadesse Nigatu's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

On March 28, 2000, Nigatu pled guilty to distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). Because he had prior convictions for third-degree assault and terroristic threats, he qualified as a career offender pursuant to U.S.S.G. § 4B1.1(a). At sentencing on August 11, 2000, the Court granted Nigatu's Motion for Downward Departure while finding that "the designation of career offender status is inappropriate in this case as it overstates [Nigatu's] criminal history." (Statement of Reasons (Docket No. 35) at 2 (citing U.S.S.G. § 4A1.3).) Specifically, the Court found that Nigatu had mitigated harm to the assault victim and that the terroristic threats conviction lacked seriousness for purposes of career-offender sentencing. (Id.)

The Court then assigned Nigatu a criminal history category of III, determined the offense level to be 29, and imposed a 108-month sentence within the applicable 108- to 135-month guideline range. He is scheduled for release on July 5, 2008.

On March 6, 2008, Nigatu filed the present Motion and asserted that recent amendments to Sentencing Guidelines related to crack cocaine offenses require the Court to order his immediate release. In response, the Government contends that the amendments do not apply because Nigatu was sentenced as a career offender.

**DISCUSSION**

The change at issue is Amendment 706 to the Sentencing Guidelines, which generally adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table, U.S.S.G. § 2D1.1. See United States v. King, __ F.3d __, __, 2008 WL 596728, at *4 (8th Cir. Mar. 6, 2008). The Sentencing Commission gave retroactive effect to Amendment 706, beginning March 3, 2008. Id. However, Amendment 706 does not alter any sentence imposed on a defendant who was sentenced as a career offender under U.S.S.G. § 4B1.1. See, e.g., United States v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008) ("retroactive application of the crack cocaine amendment does not result in a lower sentence for the defendant because he was deemed to be a career offender"); see also U.S.S.G. § 1B1.10(b)(1) (directing that "all other guideline application decisions [unrelated to Amendment 706 are] unaffected").

The Government contends that Nigatu "was a career offender, based on his two prior convictions for crimes of violence." (Opp'n Mem. at 8.) However, the Court specifically found that "the designation of career offender status is inappropriate in this case." (Statement of Reasons at 2.) Therefore, the Court could not have imposed Nigatu's sentence based on the career offender table in U.S.S.G. § 4B1.1. Rather, the record reflects that the 2-level decrease in Amendment 706 applies, and that the applicable guidelines range is now 87 to 108 months.

The Court has reviewed the nature and circumstances of the offense and the characteristics of the Defendant, see 18 U.S.C. § 3553(a), and concludes that an 87-month sentence at the bottom of the guidelines is warranted. Because Defendant already has served all but three months of the 108-month sentence originally imposed, his immediate release is warranted.

**CONCLUSION**

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c)(2) (Docket No. 55) is **GRANTED**; and
2. Defendant shall be released from Bureau of Prisons custody within ten (10) days of this Order.

Dated: April 7, 2008

s/ Paul A. Magnuson
Honorable Paul A. Magnuson
United States District Court Judge